IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-24(1) |
| | § | C.A. No. C-05-227 |
| RAUL ROEL MARTINEZ | § | |
| | § | |
|    Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Raul Roel Martinez's ("Martinez") motion to vacate, set aside or correct his sentence pursuant to § 2255 (D.E. 77),[1] which is deemed filed as of April 28, 2005.[2] The Court ordered the government to respond, and the government filed its response and motion to dismiss on August 26, 2005. (D.E. 81, 84). As discussed in more detail herein, the Court DENIES Martinez's motion because it is time-barred. Additionally, the Court DENIES Martinez a Certificate of Appealability.

---

[1] Docket entries refer to the criminal case, C-03-cr-24.

[2] The Clerk received Martinez's motion on May 3, 2005. The motion indicates that it was delivered to prison officials for mailing, however, on April 22, 2005 (D.E. 77 at p. 14), and it is thus deemed filed as of the earlier date. Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

On February 4, 2003, Martinez and two co-defendants were charged in a single-count indictment with conspiring to possess with intent to distribute more than five hundred grams of a mixture of substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). (D.E. 1). On March 31, 2003, Martinez pleaded guilty pursuant to a written plea agreement. (D.E. 47, 48).

He was sentenced on June 27, 2003. The Court imposed a term of imprisonment of 96 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term, and imposed a $100 special assessment. (D.E. 67, 70). Judgment was entered on July 7, 2003. (D.E. 70). Martinez did not appeal, nor did he file any post-conviction motions until the instant motion to vacate, deemed filed April 28, 2005.

Martinez raises only a single claim in his motion. Specifically, he argues that his Sixth Amendment rights were violated when his offense level was increased for being an "organizer or leader" in the criminal enterprise. He claims that the facts supporting that enhancement were not admitted in the plea colloquy, nor were they submitted to a jury and proved beyond a reasonable doubt. Thus, he claims that he was sentenced under an incorrect offense level and that this constitutes a constitutional violation. He does not provide legal argument in support of this claim, but references a "new enhancement law ...

pertaining to the U.S.S.G." issued by the Supreme Court (D.E. 77 at 5), which the Court presumes is a reference to United States v. Booker, 125 S. Ct. 738 (2005). The government has moved to dismiss Martinez's motion in its entirety on the grounds that it is barred by the applicable statute of limitations. (D.E. 84).

### III.  DISCUSSION

**A.    Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3] 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

The period for Martinez to file a notice of appeal from the judgment against him expired ten days after the entry of judgment against him. Fed. R. App. P. 4(b). As noted,

---

[3] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

the judgment against Martinez was entered on July 7, 2003. As calculated utilizing Rule 26, Fed. R. App. P., the ten-day period for Martinez to appeal expired on July 21, 2003. In this case, Martinez did not appeal; therefore, his conviction became final on July 21, 2003. Martinez's time period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year after that date, or on July 21, 2004. Martinez's motion was filed on April 28, 2005. Thus, it was filed more than nine months beyond the deadline as calculated under § 2255(1), and is untimely. Moreover, the record discloses no basis for equitable tolling. Accordingly, his motion is time-barred.

**B.     Timeliness of Booker claim**

Because Martinez is making a claim pursuant Booker, the Court also addresses whether his claim is possibly timely under § 2255 ¶6(3). See supra note 3. This provision would render his claim timely if Booker applied retroactively to cases already final on direct review when it was decided. Because this Court concludes that Booker does not apply retroactively, however, his claim is not timely utilizing § 2255 ¶6(3), either.

The Fifth Circuit has held that the Supreme Court has not made Booker retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. In re Elwood, 408 F.3d 211 (5th Cir. 2005). Additionally, in the context of discussing whether a claim fell within the savings clause of § 2255, a panel of the Fifth Circuit has recently stated: "Like Apprendi, Booker's holding is not retroactively applicable to cases on collateral review." Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005). The

4

Padilla decision does not contain any analysis or discussion as to how the court reached this conclusion. Rather, the decision simply cites to the first page of the Booker decision for authority, as well as to a case decided prior to Booker, Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002), neither of which states that Booker does not apply retroactively. Nonetheless, to the extent the opinion was intended to address the precise issue before the Court here,[4] it directs that Booker is not retroactively applicable.

Notably, the Padilla court's conclusion is consistent with every other federal court of appeals to have addressed the issue directly. Specifically, the Second, Third, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have all addressed the retroactivity of Booker on initial collateral review and have concluded that Booker does not apply retroactively. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005) (concluding that Booker states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); United States v. Humphress, 398 F.3d 855 (6th Cir. 2005) (same); Varela v. United States, 400 F. 3d. 864 (11th Cir. 2005) (same); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005) (same); Lloyd v. United States, 407 F.3d 608 (3d Cir. May 17, 2005) (same); United States v. Bellamy, 411 F.3d 1182 (10th

---

[4] As noted, the Padilla court's statement was made in the context of discussing whether a defendant's claims fell within the scope of the savings clause of § 2255. In order to show that his claims fell within the savings clause, the movant had to show that he was asserting a claim of actual innocence "(1) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." Padilla, 416 F.3d at 426 (quoting Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001)). Despite its broad language, the lack of any analysis suggests that it may not have been intended to directly address the more complicated issue of whether Booker is retroactive on initial collateral review outside the context of § 2255's savings clause.

Cir. 2005) (same); Never Misses a Shot v. United States, 413 F.3d 781 (8th Cir. 2005) (same); United States v. Cruz, __F.3d __, 2005 WL 2243113 (9th Cir. Sept. 16, 2005) (*per curiam*) (same).

The Court agrees with the reasoning set forth in the foregoing cases and thus concludes that Booker is not retroactive to cases on collateral review. Because Martinez's conviction became final prior to the date Booker was decided – January 12, 2005 – he is not entitled to relief under Booker. His motion is untimely and is hereby DISMISSED.

## C.   Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Martinez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general

assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Martinez has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is time-barred. Accordingly, Martinez is not entitled to a COA.

## IV. CONCLUSION

For the above-stated reasons, Martinez's motion under 28 U.S.C. § 2255 (D.E. 77) is DENIED. The Court also DENIES him a Certificate of Appealability.

ORDERED this 9th day of October 2005.

_____
HAYDEN HEAD
CHIEF JUDGE